## MOOMAW v. READING CO.

### No. 3471.

District Court, E. D. Pennsylvania.

Feb. 1, 1946.

George H. Detweiler, of Philadelphia, Pa., for plaintiff.

Henry R. Heebner, of Philadelphia, Pa., for defendant.

KENNEDY, District Judge (assigned).

The above entitled cause was tried to a Court and jury resulting in a verdict being returned by the jury in favor of the plaintiff in the sum of Eight Thousand Five Hundred Dollars. At the trial the defendant interposed a motion for a directed verdict which was overruled by the Court.

The defendant now interposes its motion n.o.v. upon the grounds that the record shows that plaintiff was guilty of contributory negligence as a matter of law. The motion has not been argued but, having the case freshly in mind, the Court feels justified in passing upon the motion without such oral argument, which is assumed to be satisfactory to counsel.

This memorandum is filed only with the thought in mind of suggesting the views of the trial Court to a reviewing Court should that situation come to pass.

The suit involves a crossing accident in which it is alleged that the plaintiff while crossing a railroad track owned and operated by defendant in the city of Chester, Pennsylvania, was run into by an engine and thereby suffered permanent injuries. Various grounds of neglect on the part of the plaintiff are alleged as a basis for the relief sought.

Upon the trial the plaintiff presented evidence in support of his complaint and the defendant offered no evidence, relying upon the circumstances surrounding the accident as the basis of its claim that the plaintiff was himself guilty of contributory negligence.

The evidence of the plaintiff was to the effect that plaintiff while operating a truck at the point where the highway and the line of the railroad of the defendant cross was run into by two connected engines of the defendant company as they approached the highway crossing. Plaintiff testified that he stopped at the crossing; that he looked and that he listened for the approach of trains; that for the purpose of hearing and seeing more distinctly he rolled down the window of his cab; that the accident occurred at three o'clock in the morning and the night was very dark; that the only light at the crossing was a street light

on the opposite side from which the engines approached; that no whistle or bell was sounded; that there was no light on the rear end of the tender of the first engine as it approached in reverse; that there was no guard or employee with any signal upon the tender of the engine first approaching the crossing; that there was no guard or watchman at the crossing indicating the approach of the train; that the plaintiff saw no evidence from light or sound of the approaching engines and that after he had taken the precaution of stopping, looking and listening, the engines came out of the darkness and collided with his truck after plaintiff had crossed the first rail of defendant's track.

■ The Court has fully in mind the rather strict rules which govern crossing accidents laid down by the Pennsylvania Courts which control the Federal Courts' adjudication of the rights of the parties in this type of case. Were the circumstances in this case such that the plaintiff, after using all the precautionary measures to avoid collision, or as being required by law to adopt such measures, and yet failed to discover the approach of the engines so as to avoid a collision, undoubtedly he should be held to be guilty of contributory negligence. In this case, however, the circumstances are somewhat different than the ordinary railroad crossing case. Here the night was very dark with only a street light illuminating the crossing upon the opposite side of the street from which the engines approached; the engines were running light, that is, without drawing a load of cars, and made no excessive noise; they approached out of the darkness from the unlighted side of the street; there were no lights upon the rear of the engine approaching the crossing nor any employee with a signal light on the front of the tender of the first engine nor any signal by whistle or bell given, nor any watchman at the crossing signifying the approach of trains. This at least was the evidence offered by the plaintiff which purported to describe the circumstances surrounding the accident. In the Court's view, this takes the case out of the ordinary rule covering crossing accidents in which a plaintiff is held to a strict accountability for his own safety by observing all the precautionary measures which the law places upon him. Of course, every crossing accident must to a certain extent be judged by its own individual facts and circumstances and for the foregoing reasons the Court feels that the plaintiff here cannot be charged with contributory negligence.

■ The motion before the Court is not filed in the alternative in which a motion for a new trial may be sought under Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, so that the sole matter before the Court is as to whether the Court should enter a judgment in defendant's favor irrespective of the verdict of the jury in plaintiff's favor.

For the reasons stated, the motion of the defendant to set aside the verdict of the jury and enter judgment in favor of the defendant will be overruled and denied, and an order may be entered accordingly, to which ruling the defendant is allowed an exception.