proper venue, it will be time enough to consider whether the venue objection can be overcome by aligning it with the plaintiff.

 I, therefore, grant the motion to the extent that the complaint (but not the caption) is to be amended in such fashion as to recite the relationship of Saw Blade to the controversy. A summons is to be served on this new party. When that is done, Saw Blade will then, as I have said, either challenge the venue, or waive the question. But, whether it does or not, and regardless of the outcome of a challenge to venue, Saw Blade will, at least, be properly before the court so far as personal jurisdiction is concerned. And, if the complaint is dismissed at Saw Blade's instance, the jurisdictional question can be decided and possibly reviewed at the beginning of the litigation, rather than at the end (even after decree) as would be the case if the involuntary plaintiff procedure were adopted.

Motion granted as indicated.

Louis F. Frick, of Washington, D. C., for plaintiff.

Hanserd K. Presley, of Washington, D. C., for defendant.

PINE, Justice.

This is an action for damages for alienation of a wife's affections. It was tried to a jury, resulting in a verdict for the plaintiff in the amount of $2000. Defendant has moved to set aside the verdict and judgment entered thereon and for judgment in accordance with his motion for a directed verdict. Among the grounds given in his motion is one relevant only to a motion for a new trial. The motion is made under Federal Rules of Civil Procedure, Rule 50(b), 28 U.S.C.A. following section 723c.

This rule has recently received consideration by the Supreme Court, Cone v. West Virginia Pulp & Paper Co., 67 S.Ct. 752. In that case the Court points out that, where the trial judge believes the judgment on the verdict should not stand, the rule does not compel the entry of a judgment notwithstanding the verdict, but permits the granting of a new trial in the exercise of discretion, "with a fresh personal knowledge of the issues involved, the kind of evidence given, and the impression made by the witnesses." Moreover, this case recognizes "that there are circumstances which might lead the trial court to believe that a new trial rather than a final termination of the trial stage of the

## GILLIS v. REICKS.
### Civil Action No. 35195.

District Court of the United States for the District of Columbia.

March 31, 1947.

controversy would better serve the ends of justice."

Believing that the ends of justice would be better served by ordering a new trial herein, and, under the authority of the case above mentioned, an order granting a new trial will be entered.

## SULLIVAN v. SOUTHERN PAC. CO.

District Court, S. D. New York.
March 24, 1947.

Gerald F. Finley, of New York City (Gerald F. Finley and Arnold B. Elkind, both of New York City, of counsel), for plaintiff.

Minor, Waterman & Casto, of New York City (Jeremiah C. Waterman and Dorr Casto, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Plaintiff, formerly a resident of Coolidge, Arizona, and now a resident of Minneapolis, Minnesota, brought this action in this Court under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., seeking damages for injuries which he received while working for defendant at Benson, Arizona, on September 10, 1946. He charges that defendant violated the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. Specifically he states in paragraph IV of the complaint:

"Plaintiff alleges that on the 10th day of September, 1946, in connection with and in furtherance of its interstate business defendant operated a certain work train consisting of approximately· 10 cars which were being moved and propelled by its locomotive #2848 at or near Benson within the State of Arizona; that one of the cars in such work train was a flat car upon which was mounted and fastened a certain ditcher, and plaintiff as a fireman upon said ditcher was riding in the cab thereof while in the performance of his duties for said defendant; that at about 4:00 p.m. of said day, when defendant's locomotive was moving