Charles JACKSON, Appellant,

v.

WILSON TRUCKING CORP., a Corporation, and Roy S. Rexrode, Appellees.

No. 13359.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 15, 1956.

Decided Feb. 21, 1957.

---

Mr. Hyman Smollar, Washington, D. C., for appellant.

Mr. Frank F. Roberson, Washington, D. C., for appellees. Mr. William J. Curtin, Washington, D. C., also entered an appearance for appellees.

Before FAHY, DANAHER and BURGER, Circuit Judges.

FAHY, Circuit Judge.

In an action for personal injuries suffered as a pedestrian when struck by an automobile, plaintiff in the District Court, appellant here, obtained a monetary jury verdict against defendants, appellees. Upon this verdict judgment was entered for plaintiff. Defendants filed a timely motion for judgment notwithstanding the verdict, pursuant to Rule 50(b), Fed.Rules Civ. Proc., 28 U.S.C.A. This motion was not accompanied by a motion or prayer for a new trial as permitted by the Rule.[1] The District Judge some weeks later denied defendants' motion for judgment

---

1. The text of Rule 50(b) is as follows:

"(b) Reservation of Decision on Motion. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed

but set aside the verdict and judgment in favor of plaintiff and ordered a new trial. In explanation the Judge stated in open court:

> " * * * I do not think the state of the evidence is such that I can properly grant the motion [of defendants] for judgment notwithstanding the verdict. But I do feel that the greater weight of the evidence is contrary to the verdict of the jury, and that in all fairness and justice, a new trial shall [sic] be granted. Inasmuch as the motion that was filed was timely, I feel that I have a discretion to grant the lesser remedy instead of the greater one."

Plaintiff moved to set aside the order granting a new trial, on the ground essentially that the Court was without jurisdiction to enter it since no timely motion therefor had been filed and the Court had not on its own initiative ordered the new trial within 10 days from entry of the judgment. Rule 59(b) and Rule 59(d), Fed.Rules Civ.Proc., were relied upon.[2] The appeal is from the Court's order denying this motion and also from the earlier order awarding defendants a new trial.[3]

When a trial court concludes that a proper basis exists for granting a timely, well-grounded motion for judgment n. o. v., it has a discretion to grant the lesser relief and to order a new trial instead if justice would thereby better be served.[4] This is so even though no motion for a new trial has been filed, and even though 10 days have elapsed since the entry of judgment. This discretion to grant the lesser relief, however, comes into being only when the record is such that the entry of judgment n. o. v. would be warranted. The court may then give the party against whom judgment n. o. v. could be entered another opportunity to supply those de-

---

verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

2. These provisions of Rule 59 read as follows:
"(b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment. * * *."
"(d) On Initiative of Court. Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

3. An order granting a new trial is not ordinarily reviewable. But where, as in the case at bar, such an order exceeds the power of the court it may be reviewed notwithstanding the absence of a final judgment. Phillips v. Negley, 117 U.S. 665, 671, 6 S.Ct. 901, 29 L.Ed. 1013; Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350.

4. "The motion for judgment cannot be granted unless, as matter of law, the opponent of the movant failed to make a case and, therefore, a verdict in movant's favor should have been directed." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147. "Each motion * * * has its own office." Id., 311 U.S. at page 251, 61 S.Ct. at page 194. In Simmonds v. Capital Transit Co., 79 U.S.App.D.C. 371, 147 F.2d 570, 571, we held the trial court in error in granting the motion for judgment on the record as presented, and added, "Inasmuch as there was no motion, in the alternative, for a new trial, it follows that the judgment below must be reversed." In the instant case the trial judge said: "If I have the jurisdiction to do it, I would grant a new trial. I wouldn't grant the motion for judgment notwithstanding the verdict." The greater remedy sought in the Simmonds case did not include the lesser, for there, as here, there was no basis upon which judgment n. o. v. might rest. It should be added, however, that in Simmonds, unlike the situation now before us, the trial court had not itself ordered a new trial.

fects in the record which would warrant the harsher remedy of an adverse final judgment.

"* * * the court does not have to grant the motion for judgment notwithstanding verdict, even though he thinks the original motion for a directed verdict should have been granted. This rule particularly provides that he may grant a new trial where justice would be served by it; where, for instance, it is obvious that the defect in the proof of one side or the other is a thing that may be remedied at a new trial without perjury." Statement of Mr. William D. Mitchell, Chairman of the Advisory Committee which drafted the Rules, *Proceedings of the Symposium at New York City on the Federal Rules,* p. 283-4 (1938).

This clearly refers to a situation where the motion for judgment n. o. v. could be granted.[5] To the same effect see note in *Report of Proposed Amendments to the Rules,* 1946 U.S.Code Cong.Serv. pp. 2315, 2352, 79th Cong., 2d Sess.

██ An entirely different situation pertains when a verdict could not have been directed; that is, when the motion for judgment n. o. v., though timely, cannot be granted. Rule 59(b) and Rule 59 (d), note 2 supra, then govern. Subparagraph (b) requires a motion for a new trial to be served not later than 10 days after the entry of judgment. Subparagraph (d) permits the court of its own initiative to order a new trial only within 10 days after the entry of judgment. In the case at bar, as we have

seen, the Court decided that the state of the evidence did not allow him to grant the motion for judgment n. o. v. filed under Rule 50(b). No motion for a new trial had been filed by defendants and 10 days since the entry of judgment had long since elapsed. The factors essential to the exercise of power to order a new trial accordingly did not exist.

This construction of the Rules we think is sustained not only by the terms and intendment of Rule 50(b) when construed in the light of Rule 59(b) and Rule 59(d), but also by the decision of this Court in Freid v. McGrath, 76 U.S. App.D.C. 388, 133 F.2d 350.[6] Cf. Bailey v. Slentz, 10 Cir., 189 F.2d 406, and Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610, certiorari denied, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710.

The precise question has not been decided by the Supreme Court, but the Supreme Court has considered Rule 50(b) in several cases. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849; Globe Liquor Co. v. San Roman, 332 U.S. 571, 68 S.Ct. 246, 92 L.Ed. 177; Fountain v. Filson, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971; Johnson v. New York, New Haven & Hartford R. Co., 344 U.S. 48, 73 S.Ct. 125, 126, 97 L.Ed. 77. In the Johnson case, the Court said:

"On several recent occasions we have considered Rule 50(b). We have said that in the absence of a motion for judgment notwithstanding the verdict made in the trial court within ten days after recep-

---

5. At the argument of defendants' motion for judgment n. o. v., their counsel said: "Ordinarily in these cases I ask for a new trial in the alternative. I haven't asked it here, because I don't think it would be adequate relief." The trial judge found himself unable to grant the motion for judgment because, as in Pessagno v. Euclid Inv. Co., 72 App.D.C. 141, 144, 112 F.2d 577, 580, the only question was "whether reasonable men might differ on the question of negligence. * * * A motion for a new trial, however, may

raise a myriad of other questions as to which appellant has the right to a ruling." There, as in the Simmonds case, note 4 *supra,* this court said the motion for judgment n. o. v. could not be granted. Since in Pessagno a motion for a new trial had been filed, however, we reversed with instructions to reinstate the verdict and pass upon the alternative motion.

6. Nor is the dissenting opinion in Freid v. McGrath inconsistent with this position.

tion of a verdict the rule forbids the trial judge or an appellate court to enter such a judgment."

These cases do not solve our problem, but none of them militates against the solution we reach, and at least they demonstrate that unless a motion for the greater remedy, for judgment n. o. v., is timely filed it may not be granted even though a motion for a new trial has been timely filed. While it does not necessarily follow from the Supreme Court decisions that the lesser remedy may not be granted in the converse situation, we think this does follow from the necessity of giving efficacy to Rule 59(b) and Rule 59(d). They would be largely nullified were it to be held that an ill-founded, though timely, motion for judgment n. o. v. under Rule 50(b) must be deemed either to include a motion for a new trial though none be actually filed, or to hold open for more than 10 days the authority of the court under Rule 59(d) to grant a new trial on its own initiative. When the trial judge in the present case found himself unable to grant the motion for judgment there was no request for a new trial before him and the time within which he could order a new trial on his own initiative had long since expired. Accordingly he was without authority to order a new trial.[7]

In deference to the views of Judge Burger in dissent we have reconsidered our position above set forth and are constrained to adhere to it. Judge Burger in effect says that Rule 50(b) in all cases means that a motion for judgment n. o. v. shall be deemed to include a motion for a new trial and that the judge may grant one or the other. If that were correct, the rule would not have needed the sentence: "A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative." He sees formalism in our application of the Rules, a failure to give effect to their aim and spirit to "secure the just, speedy, and inexpensive determination of every action." Rule 1, Fed.Rules Civ.Proc. Moreover, he suggests that we do not recognize the full responsibility of the trial court in the judicial dispensation of justice. Rather, we think our position reflects the importance which should be ascribed to a valid verdict of a jury. This was a jury case. The role a

---

7. Professor Moore, in his discussions of the general subject, has said:

"When a motion for judgment under Rule 50(b) is properly and timely made the trial court may, if a verdict has been returned, allow the judgment to stand or reopen the judgment and in its discretion either grant a new trial or direct the entry of judgment in accordance with the requested directed verdict." 5 Moore's Federal Practice 2332 (2d ed. 1952). ·

This seems to support the view we take because a discretion to grant either a new trial or to direct the entry of judgment can arise only if the latter could be done. See, however, 6 Moore's Federal Practice 3851, and footnote 11 at that page, where the author seems to state a different view. At p. 3851 he says:

"In line with the position we have taken, the trial court may respond to a motion for judgment n. o. v. by granting a new trial instead, even after 10 days have elapsed from the entry of the judgment."

At this point, in footnote 10, however, Moore refers to Gillis v. Reicks, D.C. D.C., 7 F.R.D. 205, where, though only a motion for judgment n. o. v. had been filed, Judge Pine granted a new trial. But the judge indicated in his opinion that he did so in the exercise of a discretion available where a judgment n. o. v. could be granted. Moore also refers to Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 67 S.Ct. 752, 755, 91 L.Ed. 849, described as holding that where the trial court may validly grant a motion for judgment n. o. v. it may instead order a new trial in its discretion. The Court said in Cone:

"* * * In short, the rule does not compel a trial judge to enter judgment notwithstanding the verdict instead of ordering a new trial; it permits him to exercise a discretion to choose between the two alternatives."

These cases seem to support our view rather than the statement for which they are cited by Moore.

jury plays in the dispensation of justice in a trial court is not only not insignificant, but in such a case as this is usually controlling both in the trial court and on appeal. The trial judge here concluded that the verdict for the plaintiff was supported by the evidence, and he could neither direct a verdict nor order judgment for the defendants. Moreover, there is no suggestion of any trial error which impaired the verdict. In this situation the spirit of the Rules, as well as their language, says that the judgment entered on the verdict should end the matter, except under certain specified conditions. We have spelled out those conditions, as contained in Rules 50(b), 59(b) and 59(d). None of the provisions of these Rules relating explicitly to a new trial was either complied with or invoked. The explicit provisions of Rules 59(b) and 59(d) prevent us from implying a power inconsistent with them. Implication sometimes is justified in the absence of explicitness, but not when contrary thereto. In any event an implied power to grant a new trial is not justified in this case, where the full force of the Rules combines in both spirit and form to the end that the valid verdict of the jury upon which judgment has been entered should stand. Where, on the other hand, a verdict is not valid; that is, where it is vulnerable to a timely motion for judgment n. o. v., then the trial court, in the exercise of a just discretion, may permit the party in favor of whom the jury has awarded its verdict to try his case again rather than to suffer an immediate and final adverse judgment at the hands of the trial judge. This discretionary power conflicts with no Rule. It accords with the purpose of the Rules to obtain a just determination. But this is quite different from authority to set aside a valid jury verdict in the discretion of the trial judge when the discretion is not exercised within the time and on the conditions specified in the Rules.

Reversed and remanded with directions to reinstate the judgment entered on the verdict of the jury.

BURGER, Circuit Judge (dissenting).

I agree that the trial judge can grant a new trial in response to a timely motion for judgment n. o. v. where the record warrants the entry of a directed verdict, but I find no reason for limiting or conditioning the court's discretion to cases where judgment n. o. v. could have been granted. It is the actual motion for judgment n. o. v., not the state of the record, which invokes the trial court's discretionary power to grant a new trial whether before or after ten days have elapsed from date of judgment. In exercising this discretion, the court's choice of remedies must, of course, be governed by the evidence, but there is no sound reason why it should be artificially limited as the majority holds.

The aim and spirit of the Federal Rules is stated within the Rules: "They shall be construed to secure the just, speedy, and inexpensive determination of every action." Fed.Rules Civ.Proc. rule 1. A narrow interpretation and application of the Rules through the imposition of "implied" conditions and limitations harks back to the era of common-law pleading and procedure where "judges [were] imprisoned in technicalities of their own devising * * *."[1] This is foreign to the modern trend, culminating in the Rules, to do away with rigid concepts and artificial labels. Mr. Justice Frankfurter forcibly stated this philosophy in his dissent to Johnson v. New York, New Haven & Hartford R. Co., 1952, 344 U.S. 48, 62, 73 S.Ct. 125, 132, 97 L.Ed. 77:

> "The Federal Rules of Civil Procedure are the product of the progress of centuries from the medieval court-room contest—a thinly disguised version of trial by combat—to modern litigation. 'Procedure is the means; full, equal

1. Frankfurter, J., dissenting in Johnson v. New York, New Haven & Hartford R. Co., 1952, 344 U.S. 48, 62, 73 S.Ct. 125, 133, 97 L.Ed. 77.

and exact enforcement of substantive law is the end.' Pound, The Etiquette of Justice, 3 Proceedings Neb. St. Bar Assn. 231 (1909). This basic consideration underlies the Rules * * *."

It is against this background and in the spirit of disclaiming "unnecessary niceties" that I would interpret the Supreme Court's statement in Globe Liquor Co. v. San Roman, 1948, 332 U.S. 571, 573, 68 S.Ct. 246, 247, 92 L.Ed. 177:

> "We pointed out in the Cone case that Rule 50(b) vested district judges with a discretion, under the circumstances outlined in the rule, to choose between two alternatives: (1) reopening the judgment and granting a new trial, and (2) ordering the entry of judgment as if the losing party's request for directed verdict had been granted by the trial judge."

See also Johnson v. New York, New Haven & Hartford R. Co., supra, 344 U.S. at page 54, 73 S.Ct. at page 128, note 3; Cone v. West Virginia Pulp & Paper Co., 1947, 330 U.S. 212, 215, 67 S.Ct. 752, 91 L.Ed. 849. I would hold that where there is a motion for judgment n. o. v., timely made in the proper form,[2] with or without a motion for a new trial, the trial court has discretion to grant a new trial where the evidence is contrary to the verdict.[3] A motion for judgment n. o. v. always embraces that ground and

that ground, of course, is sufficient to warrant a new trial.

It seems to me that the framers of Rule 50(b) intended this construction. Judge Armistead Dobie, a member of the Advisory Committee which drafted the Rules, explained the effect of Rule 50(b) in this manner:

> "Thus, when a party has moved for a directed verdict and his motion has been denied or not granted (within 10 days after the verdict, or, if no verdict has been returned, within 10 days after the discharge of the jury), he may now move to have the verdict and judgment (when any) set aside and the judgment entered according to his motion, or a similar motion may be made if no verdict was returned. The court may now, *on such motion, either* direct the entry of the judgment as asked, *or may grant a new trial*." (Emphasis added.)[4]

The Advisory Committee on Rules for Civil Procedure, in 1946, responded to a suggestion that the prevailing party be allowed to make a "conditional" motion for new trial when the losing party moved for judgment n. o. v.:

> "This suggestion is based on the erroneous assumption that the party winning the verdict must be allowed to make such a conditional motion in order to make a showing that if his verdict is set aside, he should at least have another chance at a sec-

---

2. In Johnson v. New York, New Haven & Hartford R. Co., *supra* note 1, the Court directed the movant to precisely phrase this motion in conformity with the Rule.

3. Appellee made a timely motion requesting that the appellant's verdict be set aside and that judgment be entered in his favor, stating as grounds "no substantial evidence of negligence" and contributory negligence as a matter of law. The trial judge concluded "that the verdict was supported by the evidence" only to the extent that he was unwilling to grant judgment n. o. v. He categorically stated: "I don't think that the weight of the evidence supports the verdict that was given. * * * I do feel that the

greater weight of the evidence is contrary to the verdict. * * *" Record, pp. 9, 28.

4. Dobie, The Federal Rules of Civil Procedure, 25 Va.L.Rev. 261, 289 (1939). Professor Moore, in my opinion, agrees with Judge Dobie: "When a motion for judgment under Rule 50(b) is properly and timely made, the trial court may, if a verdict has been returned, allow the judgment to stand or reopen the judgment and in its discretion either grant a new trial or direct the entry of judgment in accordance with the requested directed verdict." 5 Moore's Federal Practice 2332 (2d ed. 1952). See also Simkins, Federal Practice 486 (3d ed. 1938).

ond trial to supply the deficiencies in his proof. A trial court or an appellate court in setting aside a verdict *always has discretion, if justice requires it,* to order a new trial, instead of directing the entry of judgment. Rule 50(b) states that the court *on a motion for judgment notwithstanding the verdict* 'may either order a new trial or direct the entry of judgment' for the moving party. A party resisting a motion for judgment [n. o. v.] * * * may do that *without* making a conditional motion for new trial." (Emphasis added.) Committee Note of 1946 to proposed but unadopted amendment of Rule 50(b) 1946 U.S.Code Cong.Serv. p. 2352, 79th Cong., 2d Sess.[5]

The majority opinion cites (supra 243 F.2d 215) a statement by Mr. William D. Mitchell, Chairman of the Advisory Committee. I do not agree that Mr. Mitchell supports their position that the trial court must find the motion for judgment n. o. v. is well grounded before being able to grant a new trial on that motion. The phrase "* * * even though he thinks the original motion for a directed verdict should have been granted" is not a limitation on the trial court's power, but on the contrary an indication of the latitude of its discretion. As later stated in Cone v. West Virginia Pulp & Paper Co., supra, 330 U.S. at page 215, 67 S.Ct. at page 754, "Rule 50(b) contains no language which absolutely requires a trial court to enter judgment notwithstanding the verdict even though that court is persuaded that it erred in failing to direct a verdict for the losing party." That a trial court has discretion to grant a new trial *even* where the record warrants a judgment n. o. v. does not infer the discretion exists *solely* when that situation prevails.

Although the Supreme Court has not passed on the exact question,[6] the rationale governing its interpretation of Rule 50(b) supports the conclusion here reached. The Court has construed Rule 50(b) on four occasions[7] and there is one common ground upon which these decisions rest—the necessity of the trial judge, in the first instance, to exercise an "informed judicial discretion" as to the proper remedy. "And he can exercise this discretion with a fresh personal knowledge of the issues involved, the kind of evidence given, and the impression made by witnesses. * * * Determination of whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witnesses *and has the feel of the case which no appellate printed transcript can impart.*" (Emphasis added.) Cone v. West Virginia Pulp & Paper Co., supra, 330 U.S. at page 216, 67 S.Ct. at page 755. This is exactly what occurred in the instant case.

5. The Advisory Committee, in 1955, proposed an amendment to Rule 50(b) in which a motion for new trial would be deemed to be asking for a judgment n. o. v. as an alternative. Logically, this would infer the converse to be true. See Moore's Federal Rules and Official Forms, as Amended with *Comments on the Amendments and Proposed Amendments* 239 (1956).

6. There are few federal cases dealing with the precise issue. For an indication the court can grant a new trial upon a motion for judgment n. o. v. see *Gillis v. Reicks*, D.C.D.C.1947, 7 F.R.D. 205; contra: *Taylor v. Reading Co.*, D.C.E.D.Pa.1949, 83 F.Supp. 804; See *Moomaw v. Reading Co.*, D.C.E.D.Pa., 66 F.Supp. 636, affirmed mem., 3 Cir., 1946, 156 F.2d 678; *Yates v. Dann*, D.C.D.Del.1951, 11 F.R.D. 386; see also *Kanatser v. Chrysler Corp.*, 10 Cir., 1952, 199 F.2d 610, certiorari denied, 1953, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710; *Bailey v. Slentz*, 10 Cir., 1951, 189 F.2d 406.

7. *Johnson v. New York, New Haven & Hartford R. Co.*, 1952, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77; *Globe Liquor Co. v. San Roman*, 1948, 332 U.S. 571, 68 S.Ct. 246, 92 L.Ed. 177; *Cone v. West Virginia Pulp & Paper Co.*, 1947, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849; *Montgomery Ward & Co. v. Duncan*, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147.

In Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147, the Court set forth the procedure to be followed by the trial judge where alternative 50(b) motions are made, and stressed the lower court's duty to decide both motions.[8] In Cone v. West Virginia Pulp & Paper Co., supra, Globe Liquor Co. v. San Roman, supra, and Johnson v. New York, New Haven & Hartford R. Co., supra, the Court held an appellate court could not enter judgment on reversal unless a timely and precise motion for judgment n. o. v. had been offered below. The reasoning indicates the making of this motion provides the trial court and opposing counsel an opportunity to consider alternative relief. "The respondent failed to submit a motion for judgment notwithstanding the verdict to the trial judge in order that he might exercise his discretionary power to determine whether there should be such a judgment, a dismissal or a new trial." Cone v. West Virginia Pulp & Paper Co., supra, 330 U.S. at pages 217–218, 67 S.Ct. at pages 755–756. Although it was assumed in these cases that the record justified the entry of judgment, the rationale is not conditioned upon that situation. The concern is that the trial judge not be deprived of an opportunity to make an initial determination; thus the Court declines to sanction any course which interferes with the "primary discretionary responsibility."

The case before us demonstrates the advisability of allowing the trial judge to exercise an unfettered discretion in a situation like this one. Argument on appellee's timely motion for judgment n. o. v. was heard some 40 days after appellant's verdict and judgment had been entered, briefs having been filed in the interim.[9] During this hearing the judge expressed dissatisfaction with the verdict and indicated he was considering whether the evidence might be so unsubstantial as to justify a final judgment. At one point he emphatically declared he would grant judgment n. o. v. if he could not grant a new trial.[10] It was not until after appellant's argument resisting the motion that the court concluded the evidence was such as more properly to warrant a new trial. It is conceded by everyone that the court could have directed this new trial within ten days after entry of judgment without any motion being made. Fed. Rules Civ.Proc. rule 59(d). It is fair to assume the lower court would have done so but for his doubt as to whether the evidence might not warrant granting appellee's motion for judgment n. o. v. We thus have the anomalous situation where asking for judgment n. o. v., and the attendant necessity for rendering a decision, may preclude a trial court from granting a new trial sua sponte within the time limitations of Rule 59(d).

In cases where a judgment n. o. v. is sought, it is almost a universal expe-

---

8. The fact that the trial court *must* pass on alternative 50(b) motions when they are presented is no authority for the proposition the court cannot exercise its discretion and grant a new trial upon a timely motion for judgment. It is *not* here asserted that a motion for judgment n. o. v. "includes" a motion for new trial so as to inferentially compel the trial judge to pass on "unmade" motions; the motion for judgment merely vests the court with *discretion* to give a new trial. Thus, such cases as Simmonds v. Capital Transit Co., 1945, 79 U.S.App.D.C. 371, 147 F.2d 570 and Pessagno v. Euclid Investment Co., 1940, 72 App.D.C. 141, 112 F.2d 577, are not applicable.

9. January 31, 1956—Verdict and judgment entered for appellant.

February 8, 1956—Appellee moved for judgment n. o. v. on grounds, in part, "that there was no substantial evidence of negligence."

February 13, 1956—Appellant filed brief in opposition to appellee's motion for judgment n. o. v.

March 12, 1956—Argument on appellee's motion for judgment n. o. v.

March 28, 1956—Argument on question whether district court had power to grant a new trial. New trial granted.

Civil Docket, United States District Court for the District of Columbia.

10. Record, p. 10.

rience of practicing lawyers that 10 days will have elapsed from date of judgment before the court has an opportunity to decide whether or not final judgment should be entered in accordance with the motion. If, upon consideration of the motion briefs and oral argument, the trial court then concludes the evidence is legally sufficient, although contrary to the verdict, it is powerless, under the rule now announced, to grant a new trial, even though it is convinced that is the logical and practical relief. I cannot believe that such rigidities were contemplated by the Federal Rules, lauded as a model of "simplicity and flexibility,"[11] and a departure from rigid formalism. The majority view presupposes the line between the *legal* insufficiency which would warrant judgment n. o. v. and the insufficiency which would call for only a new trial is clear and sharp. But this is not so. We do not always have black or white but often grays. In many cases there is a blurred area where even the trial judge with all the evidence fresh in mind and convinced the verdict is wrong is unsure as to which relief should be granted because the standard is essentially one of degree. There is no precise and clearly acknowledged boundary marking the lines which all reasonable judges could apply with the same result. It is in this cloudy or doubtful area where the discretion of the trial judge should be allowed widest latitude and he should not be forced to make the kind of appraisal required by the arbitrary limitations imposed by the majority. This issue is one for informed experienced judgment which the trial judge is infinitely better able to exercise alone, a month or two after trial, then are appellate judges collectively a year later on a printed record.

The majority holding reinstates the appellant's jury verdict. If the appellee hereafter appeals from the denial of his motion for judgment n. o. v., this court must then determine whether the evidence is legally sufficient to sustain the verdict. In that posture this court could then (a) affirm the lower court's denial of the motion for judgment n. o. v., allowing judgment on the verdict to stand, or (b) reverse the order denying judgment n. o. v. and remand for entry of judgment on that motion,[12] or (c) remand under 28 U.S.C. § 2106 for a new trial, if such action be considered "just under the circumstances."[13]

As final judgment follows either action under (a) or (b) above, our self-imposed limitations will have effectively precluded exercise of any discretion by the court best equipped to do so. If, under (c) above, we remand for a new trial, it is only after needless delay and expense that we have accomplished precisely what the trial court attempted to do in the first place.

The majority justifies its construction by a necessity to give partial efficacy to Rule 59. The majority urges that unless one reads Rule 59(d) as it does the Rule has no efficacy. Not so. Rule 59(d) is directed at cases where no litigant makes a motion of any kind, but when the court thinks the record does not support the verdict. In such case the trial court, without any motion *of any kind,* is for a 10 day period given

11. See Vanderbilt, The Need for Procedural Reforms and Simplification of the Judicial Structure, 41 Va.L.Rev. 1, 14 (1955).

12. Cone v. West Virginia Pulp & Paper Co., 1947, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849; Cf. Simmonds v. Capital Transit Co., 1945, 79 U.S.App.D.C. 371, 147 F.2d 570.

13. Cf. Bryan v. United States, 1950, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335. This court might also remand directing the trial court to exercise its discretion. See, e. g., Snead v. New York Central R. Co., 4 Cir., 1954, 216 F.2d 169; Stevens v. G. L. Rugo & Sons, Inc., 1 Cir., 1953, 209 F.2d 135.

14. In Freid v. McGrath, 1942, 76 U.S.App. D.C. 388, 133 F.2d 350, there was no motion for judgment n. o. v. The issue

power sua sponte to grant a new trial.[14] It is only the sua sponte power which has a time limit. Rule 59(d) was not intended to apply to a situation where a motion for judgment n. o. v. is made, since as I have pointed out it is rarely if ever that a motion can be made and heard within that time limit. Furthermore, once the finality of a judgment has been suspended by a timely motion for judgment n. o. v., as occurred here, there is no sound reason why the time limitation imposed by Rule 59 should apply. 6 Moore's Federal Practice 3851, 3872–3 (2d ed. 1952).

The majority also relies strongly on the fact that Rule 50(b) expressly authorizes coupling the two kinds of motions and urges that this would not be required if the views expressed in this dissent are sound. I think they read the Rule too narrowly. The Rule simply points the way like a highway marker; in saying it may be done thus it does not preclude all other ways. It should be read as a *direction* to the parties, not a *limitation* on the court. This liberal construction definitely does not call for "implying a power inconsistent with" Rule 50(b) since what I suggest is not only consistent with what is expressed in that Rule but is also consistent with the whole spirit and purpose of modern concepts. Professor Moore and William D. Mitchell, as I read these authorities, both support this view.

It is the trial court in our judicial system which is the primary tribunal to dispense "justice" and it is the appellate function which is limited and narrow. A reversal of the district judge's action in this case frustrates that primary and broad authority. In my opinion it also does not give full effect to the spirit of the Federal Rules and their emphasis upon substance rather than form in the administration of justice. For these reasons I respectfully dissent.

---

was whether the court could grant a new trial after the expiration of Rule 59 time limitations on grounds different from those advanced in the motion for new trial.

The Tenth Circuit cases likewise proceeded on the narrow, and I believe erroneous, assumption that the grant of a new trial more than 10 days after entry of judgment must be justified under 59(d). Kanatser v. Chrysler Corp., 10 Cir., 1952, 199 F.2d 610, certiorari denied, 1953, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710; Bailey v. Slentz, 10 Cir., 1951, 189 F.2d 406.