**CURRAN, Plaintiff-Appellee, v. HANSELMAN, Defendant-Appellant.**

Ohio Appeals, Seventh District, Columbiana County.

No. 639. Decided May 25, 1945.

Brookes & Lynch, East Liverpool, for plaintiff-appellee.
Frank H. Hoover, East Liverpool, for defendant-appellant.

418

## OPINION

By PHILLIPS, J.

Plaintiff sued defendant in the Municipal Court of East Liverpool, Ohio. He alleged in his "petition" inter alia that about one o'clock on the morning of September 14, 1941, while intoxicated defendant carelessly and negligently operated his brother's automobile, without a license so to do, in an easterly direction over, along and across "the center line" of Pennsylvania Avenue in the City of East Liverpool, Ohio, in excess of thirty-five miles an hour, into collision with plaintiff's taxicab, which at that time was being operated in a westerly direction on the same highway; and that as a result of defendant's carelessness and negligence his taxicab "was wrecked" and damaged in the amount of $504.00.

Defendant answered plaintiff's "petition", generally denied the allegations thereof, and alleged that any damage sustained by plaintiff was the result of the negligence of plaintiff's servant in the operation of his taxicab.

Upon waiver of trial by jury the case was tried to the judge of the municipal court, who entered judgment for plaintiff in the amount of $350.00.

Defendant appealed from that judgment to the Court of Common Pleas on questions of law. That court affirmed the judgment of the municipal court, and from the latter judgment defendant then appealed to this court on like questions.

It is conceded that the vehicles of the parties were being operated on Pennsylvania Avenue in East Liverpool, Ohio, in the directions alleged, and that they collided on the day and approximately at the hour recited in the opening paragraph of this opinion.

The evidence is decidedly conflicting and contradictory concerning the exact place and manner in which the collision occurred and the speeds of the respective vehicles at the time of and immediately prior thereto.

The record discloses that about two o'clock on the morning of September 14, 1941, defendant, a minor, voluntarily

signed a statement, prepared by a lawyer, in which he said "previous to the accident I had been drinking and I am willing to assume the responsibility of this accident."

Plaintiff's evidence disclosed that at the time of the collision the automobile defendant was driving "was in between, not quite on the right and not quite on the left" side of Pennsylvania Avenue; that plaintiff's taxicab "was about in the middle of the road;" that immediately after the collision defendant said that he was to blame for the collision; that "he was at fault and wanted to do the right thing;" that "he didn't want to get his people mixed up in it and he would take care of it as he was working;" that plaintiff's taxicab was worth $525.00 immediately before the collision and $100.00 immediately thereafter, and that it earned him $10.00 a day, and that it would cost $358.57 to repair it.

Defendant testified that he signed the statement because "he was scared;" that he had one bottle 3.2 beer early in the evening of the night before the collision; that what he said in the statement was "I told them that if I was in the wrong of it, I would pay for it," and if "I wasn't I wouldn't;" that the automobile he was operating was traveling on the southerly side of Pennsylvania Avenue about twenty-five miles an hour at the time of and immediately prior to the collision; that plaintiff's taxicab was being operated at such a speed that the driver thereof was unable to follow a curve in that highway where defendant claimed the collision occurred, and swerved "over on defendant's side" thereof causing such collision.

Defendant's witnesses, passengers in plaintiff's taxicab, testified that it was traveling "between forty or fifty miles an hour;" "about forty or fifty, somewhere along there." One such witness said she "had a premonition that something was going to happen."

Referring to the statement signed by defendant the judge of the municipal court said:

"We have here a statement in writing of a man who claims he was sober when he made the statement, and in that statement he assumes responsibility for the accident. That being the case the only question before the Court is the amount of damage in this matter. That is the only question for the Court to determine."

"Now the writing purports to say that he was at fault. Now if he didn't say it, or has any explanation that the writ-

ing is not correct, then the Court will hear you on that one question, but it narrows itself down in this case that if the Court should find that he made this statement, then there is a fixed liability for whatever the damage is, and the only question before the Court would be to determine the amount of the damage."

Defendant contends that the judge of the municipal court found that defendant's signed statement was conclusive proof of his negligence, and that such negligence was the direct and proximate cause of the collision; that he erred to his prejudice in entering judgment upon that finding, and that the judge of the court of common pleas likewise erred in affirming the judgment of the municipal court for the same and other reasons.

As the judge of the court of common pleas said in his opinion defendant's signed statement is strong evidence of his negligence, but of course is not conclusive proof of it and the trial judge was in error in so stating.

As the result of reading the record in its entirety we observe that defendant was not denied the right to introduce any evidence he had to offer that the trial judge considered the issue of plaintiff's contributory negligence as shown by his opinion.

The testimony that plaintiff's taxicab "was about in the middle of the road" presented a question for the determination of the trial judge as to whether the position of plaintiff's taxicab was a proximate cause of the collision, with whose finding we cannot interfere. See **Smith, Appellant, v Zone Cabs**, A Partnership, et al, Appellees, **135 Oh St 415.**

It must be remembered that even though this court, or the court of common pleas, might have reached a different conclusion than that at which the judge of the municipal court arrived had either court tried the case de novo, yet the latter court could not have reversed the judgment of the former court on the assigned ground that it is against the manifest weight of the evidence unless such judgment of the municipal court was so manifestly against the weight of the evidence as to practically shock the conscience of the judge of the court of common pleas, and this court cannot reverse the judgments of either court on such assigned ground unless such judgments are so manifestly against the weight of the evidence as to practically shock the conscience of the three members of this court.

It is apparent that the judgment of the municipal court was not so manifestly against the weight of the evidence

as to practically shock the conscience of the judge of the court of common pleas, and the judgment of either court is not such as to practically shock the conscience of the three members of this court.

The judge of the court of common pleas said in his opinion defendant's assignments of error with reference to "the admission and exclusion of evidence relates mostly to the question of damages." Like him we find no error prejudicial to defendant in these or any of the other grounds of error assigned by defendant.

The judgment of the court of common pleas is affirmed.

NICHOLS, P. J., & CARTER, J., concur in judgment.