Merrimack,
April 4, 1950. } No. 3901.

GERTRUDE T. BLACKMAN *v.* SILAS A. ROWE.

*H. Thornton Lorimer* and *Francis E. Perkins* (*Mr. Lorimer* orally), for the plaintiff.

*George P. Cofran* and *Thomas E. Flynn, Jr.* (*Mr. Cofran* orally), for the defendant.

LAMPRON, J. The nature of the relationship existing between the parties determines the existence and extent of the duty of care owed the plaintiff by the defendant. *Sandwell* v. *Elliott Hospital*, 92 N. H. 41, 42. The defendant, by means of newspaper advertisements and flyers, had invited the public to attend this auction of which he had full charge. In response thereto, the plaintiff, who was interested in purchasing some of the merchandise to be offered for sale, was in attendance. For the purposes of the auction the defendant assumed the position of owner or occupier of the premises in question. *Frear* v. *Company*, 83 N. H. 64. The plaintiff was his business invitee. *Sandwell* v. *Elliott Hospital, supra*, 43; *Roy* v. *Amoskeag Fabrics*, 93 N. H. 324, 325. Consequently the defendant owed her the duty to use reasonable care to protect her against dangers reasonably to be apprehended. *Holmes* v. *Stores*, 95 N. H. 478, 480; *Lynch* v. *Sprague*, 95 N. H. 485, 487; Restatement, Torts, ss. 343, 348. And this duty extended to all parts of the premises which the defendant knew or should have known his invitees are accustomed to occupy. *Ghilain* v. *Couture*, 86 N. H. 117, 119; *Roy* v. *Amoskeag Fabrics, supra.*

The jury could well find on the evidence that the ordinary person in defendant's position would have realized the danger that someone attending the auction might be injured by the removal from the porch, of an object, such as this cabinet, in the manner undertaken by these men, and that the likelihood of this happening was such that the ordinary man in his position would have taken measures to guard against its happening. *Bouley* v. *Company*, 90 N. H. 402; *Sayfie* v. *Gordon*, 95 N. H. 182, 183. He could have located his platform differently, warned the patrons, or directed the removal so that it could have been effected in safety. It was not necessary that the defendant anticipate that the accident would happen precisely as it did. *Bouley* v. *Company, supra*, 403.

The evidence also justified a further finding by the jury that but for defendant's failure to use due care in this respect the plaintiff would not have been injured. *Dervin* v. *Company*, 81 N. H. 108, 111; *Perreault* v. *Company*, 87 N. H. 306, 309. Granting that negligence on the part of the two brothers who were carrying out the cabinet contributed to cause her injuries, the jury could properly find on the evidence that defendant's negligence was also causal. It was a question of fact to be determined by them. *Ela* v. *Cable Co.*, 71 N. H. 1, 3; *Derosier* v. *Company*, 81 N. H. 451, 462; *Perreault* v. *Company, supra.*

When struck, the plaintiff was sitting in front of the porch about 5½ feet south of the southerly end of the steps leading onto the

piazza, with her back toward the porch, facing the auctioneer at a forty-five degree angle. While the cabinet was being sold and during its removal, the plaintiff was engaged in conversation with a lady next to her. She heard someone say, "My God,—the woman will be killed," she raised her head and heard something crack down between her shoulders.

She was not guilty of contributory negligence as a matter of law because she did not investigate the means provided by the defendant for the removal of bulky objects by customers who might do so negligently or otherwise; or because she did not take precautions to protect herself against the danger of being injured thereby while sitting, near other customers, in the place where she informed the defendant she would be without objection or warning on his part. How much reliance she could place on defendant's performance of his duty to maintain reasonably safe conditions of safety and what occasion she had to take precautions against the chance of the danger she encountered were issues of fact for the jury. *Cartier* v. *Hoyt Shoe Corp.*, 92 N. H. 263, 265; *Holmes* v. *Stores*, 95 N. H. 478, 480.

Plaintiff was not barred from recovery by a portion of a written statement · which said, "this accident wasn't any fault of Silas A. Rowe, the top of the cabinet just fell off." She admitted signing the writing containing those words but denied making that portion of the statement. Even if she did make it, the jury was at liberty to accept her testimony in court in preference to the above admission and find that the defendant's negligence caused her injuries. *Cedergren* v. *Hadaway*, 91 N. H. 270, 272; *Cote* v. *Stafford*, 94 N. H. 251.

Defendant's motions for nonsuit and directed verdict were properly denied, and the order must be

*Judgment on the verdict.*

All concurred.