**BOURG et al. v. STONE.**

No. 1518.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 9, 1954.

Decided Sept. 10, 1954.

Bond L. Holford, Washington, D. C., with whom Donald J. Caulfield was on the brief, for appellants.

Thomas G. Laughlin, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This case arose out of an automobile collision at the intersection of Sixth and E Streets. Plaintiff was driving north on Sixth Street and defendant was driving south on the same street. At the intersection defendant made a left turn and although plaintiff applied his brakes and skidded 33½ feet the collision occurred. Plaintiff testified he was traveling 20 to 25 miles an hour before he applied his brakes. Defendant testified he made the turn at about 10 miles an hour and never applied his brakes. The trial court found that defendant was negligent, but also found that plaintiff was contributorily negligent and accordingly denied recovery.

On this appeal plaintiff earnestly urges that the trial court was in error in finding that he operated his automobile at a rate of speed unreasonable under the circumstances and that he failed to keep a proper lookout. The finding of the trial court was one of fact. We cannot say it was so plainly wrong as to justify a reversal. Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9.

Affirmed.

CAYTON, Chief Judge (dissenting).

Defendant admitted that he started and continued his left turn into the intersection without applying his brakes. His was the striking vehicle, and his act of wresting the right of way from plaintiff, who was in straight, through traffic, was clearly the sole cause of the collision. Plaintiff was driving at a moderate, legal rate of speed, with a green light in his favor, and there was not a word of testimony as to any unusual conditions as to weather, or obstructions, or other traffic, which would have required him to do anything he did not do. The uncontradicted and undisputed testimony was that he applied his brakes as soon as he saw defendant turning in front of him. I don't see what more could have been expected of him. There was no evidence whatever on which to base a finding, as the trial judge did, that

plaintiff was not keeping a proper lookout or was driving too fast, or even an inference to that effect. Thus the question was not one of fact but of law, and it is very clear to me that it was decided wrong.