John L. SULLIVAN and The Government Employees Insurance Company, a corporation, Appellants,

v.

FEDERAL CAB ASSOCIATION, Inc., a corporation, and Wilbur M. Cameron, Jr., Appellees.

No. 1609.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 28, 1955.

Decided April 4, 1955.

Donald J. Caulfield, Washington, D. C., with whom Bond L. Holford, Washington, D. C., was on the brief, for appellants.

Karl F. von Klatt, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The automobile of appellant Sullivan was in a collision with a Federal Cab Association taxicab operated by Wilbur M. Cameron, Jr. Sullivan and his insurance carrier sued the cab association and Cameron.

The trial court found negligence on the part of Cameron and contributory negligence on the part of Sullivan and ordered judgment for defendant. Plaintiffs appeal.

Plaintiff was driving south on 7th Street, N. W., approaching its intersection with Massachusetts Avenue. He stopped for a red light, and when it turned green started to make a left turn into Massachusetts Avenue, but did not give a signal for such turn. Defendant Cameron was driving the taxicab north on 7th Street approaching the same intersection and with a green light in his favor started a right turn into Massachusetts Avenue, and when plaintiff was not quite out of the intersection the right rear of his car was struck by the taxicab. Plaintiff testified that as he got into the intersection he heard the siren of an emergency vehicle to his left, and wishing to clear the intersection turned left with the intention of pulling over to the south curb of Massachusetts Avenue, just east of 7th Street. Defendant's testimony was that he had just entered the intersection when he heard the sound of the siren, that he started slowly forward in first gear and saw Sullivan's automobile just before the impact.

The situation does not require lengthy analysis or discussion. The evidence and the inferences reasonably permissible therefrom were such as to present issues of fact on the questions of negligence, contributory negligence and proximate cause. We cannot say that the decision on those questions was wrong as a matter of law. Singer v. Murphy, D.C.Mun. App., 109 A.2d 379; Bourg v. Stone, D.C. Mun.App., 107 A.2d 659.

Appellants also ask us to reverse because at the scene of the collision and twice thereafter Cameron admitted to Sullivan that he was at fault, and assumed full responsibility for the accident. (On cross-examination he testified, "that he had admitted striking the plaintiff vehicle and because he struck the plaintiff's vehicle he admitted he was at fault.") We do not think that the "admission" required that plaintiff have judgment, for these reasons: (1) It had no probative value in the claim against

the corporate defendant, for there was no suggestion that Cameron had any authority to bind the corporation by his admission. (2) Whatever may be said about the statement as an admission of Cameron's negligence or "fault," it did not prevent the court from considering and deciding the separate issue of plaintiff's contributory negligence. (3) It is reasonable to say that the statement was not conclusive even as to Cameron's primary negligence. His statement, being wholly extrajudicial, was not an admission in the true legal sense. Wigmore, has said that such an admission does not operate as an estoppel; that it is nothing but a piece of evidence to be distinguished from those statements of a party which become in themselves the foundation of independent rights. Such statements, he says, "should better, with a view to discrimination and clearness, be designated Quasi-Admissions," and they are not in any sense final or conclusive. 4 Wigmore on Evidence (3d ed.), §§ 1055, 1057, 1058, 1059; see also Blackman v. Rowe, 96 N.H. 207, 72 A.2d 460; Curran v. Hanselman, Ohio App., 67 N.E.2d 790.

We must rule that the evidence as a whole, including defendant's admissions, did not compel a finding for plaintiff.

Affirmed.