**Edna M. BENNETT, Appellant,**

v.

**D. C. TRANSIT SYSTEM, INC., Appellee.**

**No. 16384.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 16, 1961.

Decided Jan. 11, 1962.

Mr. Edward J. Ryan, Washington, D. C., for appellant.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. David N. Webster, Washington, D. C., was on the brief, for appellee. Mr. James Belson, Washington, D. C., also entered an appearance for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant [plaintiff] filed suit in the District Court for damages against appellee [defendant] for personal injuries. At the close of all the evidence, motion was made by defendant for a directed verdict on the ground that plaintiff had not made out her case. The court took the motion under advisement pending the jury's verdict, in accordance with Fed.R. Civ.P. 50(b), 28 U.S.C.A.[1] The verdict of the jury was for plaintiff.

Thereafter defendant filed its timely motion for judgment n. o. v. or, in the alternative, should the motion for judgment n. o. v. be denied, then for new

trial. The ground for the motion for judgment n. o. v. was that "upon the record as a whole there [was] no substantial evidence to support the verdict, but at most a mere scintilla which is inadequate under the authorities for submission of a case to the jury." The ground for the alternative motion for a new trial was that the verdict was against the weight of the evidence.

After argument some two weeks later, the trial judge ruled on both motions.[2] He granted the motion for judgment n. o. v. on the ground stated and further provided that "the motion for new trial be granted on the ground that the verdict in favor of [plaintiff] was against the greater weight of the evidence, this ruling to take effect only in the event that the ruling of the Court on the motion for judgment is reversed on appeal."

This appeal followed.

An examination of the record convinces us that, contrary to defendant's contention, there was more than "a mere scintilla" of evidence to support the verdict. Tested in light of the standards we have spelled out, we are satisfied that the action of the court in granting the judgment n. o. v. must be reversed.[3]

On the other hand, the ruling of a trial judge on an alternative motion for a new trial is ordinarily not *reviewable*,[4] so

1. Rule 50(b): "*Reservation of Decision on Motion.* Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was

returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

2. We have often commended the practice. See e. g., Casper v. Barber & Ross Co., 109 U.S.App.D.C. 395, 399, 400, 288 F.2d 379, 383, 384 (1961), and cases cited; Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (1944).

3. See note 2; Summonds v. Capital Transit Co., 79 U.S.App.D.C. 371, 147 F.2d 570 (1945).

4. Jackson v. Wilson Trucking Co., 100 U.S.App.D.C. 106, 108, 243 F.2d 212,

that where the judgment n. o. v. is reversed, as here, the case thereafter will be governed by the trial judge's award of the new trial. It is appropriate that his discretion be respected, for he is entitled to "an opportunity, after all his rulings have been made and all the evidence has been evaluated, to view the proceedings in a perspective peculiarly available to him alone." [5]

It is clear from the colloquy of record here that the trial judge and counsel for defendant anticipated possible reversal of the judgment n. o. v. Perhaps the trial judge thought that, in that event, plaintiff should be given an opportunity to "fill the crucial gap in the evidence" [6] between preponderance and what he thought was a mere scintilla. Perhaps he thought he had erred in admitting hearsay testimony from the claims adjuster and the division superintendent. Perhaps he thought he should have excluded as too remote motion pictures taken by an investigator more than a year after the accident and the running comments by the witness in answer to counsel for the defendant. Perhaps, with a corrected record in mind, he concluded different weight would attach to evidence he first deemed not entitled to credence. In any event, he decided there should be a new trial, as well he might.[7]

The judgment n. o. v. is reversed and the case will be remanded for a new trial.

FAHY, Circuit Judge (concurring in part, dissenting in part).

I concur in reversing the judgment entered in favor of the Transit Company notwithstanding the verdict of the jury in favor of the plaintiff. I would not, however, grant a new trial but would direct reinstatement of the jury verdict and entry of judgment for the plaintiff. The crucial question was whether the jury would credit the testimony of the plaintiff and her small son as to the happening of the accident when they were unsuccessfully attempting to board a bus of the Company. This testimony in substance was that the door of the bus temporarily caught plaintiff's leg. The bus driver did not see the alleged accident, and neither he nor any passenger who remained on the bus reported it. Plaintiff, however, notified the Company the same day, and the matter was then investigated by the Company.

The defense was an attack on the credibility of plaintiff and her child, so that the case posed a classical jury question, which the jury answered. It is in derogation of the jury function, as it seems to me, for the conclusion they reached, attributable to no error of law, not to be given effect. See Lind v. Schenley Industries, Inc., 278 F.2d 79, 87–91 (3rd Cir., 1960), cert. denied 364 U.S. 835, 81 S.Ct. 78, 5 L.Ed.2d 60, where, following a thorough discussion, the opinion states in part:

> "But where no undesirable or pernicious element has occurred or been introduced into the trial and the trial judge nonetheless grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury's verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts. It then becomes the duty of the appellate tribunal to exercise a closer degree of scrutiny and supervision than is the case where a new trial is granted because

---

214 (1957); Simmonds v. Capital Transit Co., supra, n. 3; Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 254, 61 S.Ct. 189, 85 L.Ed. 147 (1940). And see Woods v. Richmond & Danville R. R. Co., 1 App.D.C. 165 (1893), reflecting the long standing rule in this jurisdiction.

5. Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 216, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947).

6. Id. at 217, 67 S.Ct. at 755.

7. Id. at 216, 67 S.Ct. 752.

of some undesirable or pernicious influence obtruding into the trial. Such a close scrutiny is required in order to protect the litigants' right to jury trial."

278 F.2d at 90. The court then pointed out that since the case turned upon credibility, an issue which was resolved by the jury, the grant of the new trial constituted an abuse of the court's "legal discretion," requiring reinstatement of the verdict of the jury.

Our case is even clearer than Lind, for here the learned trial judge thought plaintiff made no case for the jury. He accordingly granted judgment for the defendant, n. o. v. This court now holds there was a case for the jury; that is, that the evidence was sufficient to enable the jury to find for the plaintiff. No gaps need to be filled to make out a jury question which could be, as it was decided favorably to the plaintiff.