**DISTRICT OF COLUMBIA, a Municipal Corporation, Appellant,**

v.

**Tyrone Terrence WASHINGTON, an infant, by this mother and next friend, Patricia Washington, and Patricia Washington, individually, Appellees.**

**No. 8055.**

District of Columbia Court of Appeals.

Argued Oct. 29, 1974.

Decided Feb. 5, 1975.

---

James N. Dulcan, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellant.

Allan G. Slan, Washington, D.C., with whom Samuel Green, Washington, D.C., was on the brief, for appellees.

Before KELLY and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

NEBEKER, Associate Judge:

This appeal arises from a judgment in favor of appellees for $5,209.10 in an action for damages based on personal injuries suffered by infant appellee on a sliding board located on a District of Columbia public school playground. The primary issue is the admissibility of a schoolteacher's post-injury hearsay statement made to the infant's aunt. The statement was to the effect that the schoolteacher had warned the school principal several days earlier that the sliding board was defective. Pursuant to the hearsay exception for vicarious admissions by the agent or employee of a party-opponent, the statement was admitted as evidence of actual notice to the District of Columbia of the defective sliding board. Finding neither error in the court's

ruling nor merit in appellant's other contention, we affirm.

Shortly after noon on Monday, May 15, 1972, appellee Tyrone Washington, aged one-and-one-half years, was taken by his aunt, Mrs. Lyons, to a nearby District of Columbia elementary school playground. Mrs. Lyons helped Tyrone use the sliding board twice without incident. After the third time, however, she noticed the infant crying and discovered that his left index finger was severely cut and covered with blood. At that time she observed a piece of rusted tin several inches long sticking out from under and near the end of the sliding board. Mrs. Lyons then took Tyrone to the principal's office where he was given first aid and transported to a nearby hospital. The injury necessitated amputation of the finger at the last joint.

Mrs. Lyons testified that on the way to the principal's office she conversed with a teacher at the school, Mrs. Daniels, who told Mrs. Lyons that she had recently (2 or 3 days before) informed the principal "that the slide board was broken." Mrs. Lyons testified that during that conversation Mrs. Daniels also mentioned that she had reported to the principal that "there was a piece of tin."

There was also abundant testimony from Mrs. Lyons, the school janitor, the repairman assigned to fix the slide, the school principal, a playground aide, and Tyrone's mother—all of whom examined the slide after the accident—that a narrow separation of over a foot in length existed on the left side (the child's left side, going down) between the bed of the slide and the side rail. The separation was caused by the absence of two bolts on the side rail. There was testimony that the bolts were missing, were not on the ground, and were of the threaded, screw-in type.

The court admitted the schoolteacher's hearsay statement as a vicarious admission of a District of Columbia agent or employee "relating to an event which falls within the scope of the agent's employment." After the jury verdict in favor of appellees, the court denied appellant's motion for a judgment notwithstanding the verdict.

Appellant argues that the judgment n.o. v. should have been granted for either of two reasons. First, it is argued that there was no admissible evidence upon which a reasonable juror could have concluded that the District of Columbia had actual notice of the defect which injured infant appellee, and, in the alternative, even if there had been such evidence, it would have provided notice only as to the "piece of tin" and not as to the separation, which appellees conceded to be the cause of the injury. Second, it is contended that appellees failed to prove constructive notice to the District of Columbia since there was no evidence demonstrating that a defect in the sliding board existed prior to the jury of Tyrone. Since we find that there was properly admitted evidence of actual notice in the form of Mrs. Daniels' hearsay statement to Mrs. Lyons, we do not reach the second contention of appellant regarding constructive notice. We do, however, find evidence in the record that the slide separation did not result from this child's use of the slide, but that it had existed before.

As to the hearsay exception for admissions by an agent or employee of a party-opponent, we note that there have been two theories to support admissibility of such testimony. The first, which the District of Columbia contends is the proper one, would allow admission against the principal of hearsay statements by an agent only if the agent was authorized to make the statement on behalf of the principal. Sullivan v. Federal Cab Association, D.C.Mun.App., 112 A.2d 925 (1955). It is argued that Mrs. Daniels was not authorized to make statements on behalf of the District of Columbia to third parties.

We first note that Sullivan did not hold admissions of fault by an agent to be inadmissible as evidence. The court held that such statements by the agent did not "[re-

*quire*] that plaintiff have judgment" (emphasis supplied) in face of evidence supporting a finding of contributory negligence. To the extent that the holding was supported in part by an observation as to lack of probativeness absent authority to speak, we do not view that comment as persuasive in light of more direct authority.

■ Since *Sullivan*, the United States Court of Appeals for this jurisdiction has adopted a different basis, which is at variance with the *Sullivan* observation. Such a hearsay statement is admissible if " 'the declaration concerned matter within the scope' of the declarant's employment." Koninklijke Luchtvaart Maatschappij N.V. KLM v. Tuller, 110 U.S.App.D.C. 282, 291, 292 F.2d 775, 784, cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961). *See also* Martin v. Savage Truck Line, 121 F.Supp. 417 (D.D.C.1954). Therefore, we follow the *KLM* holding,[1] noting, additionally, that it is in accord with the weight of authority. McCormick, Handbook of the Law of Evidence § 267 (2d ed. E. Cleary 1972); 4 Wigmore, Evidence § 1078 (Chadbourn rev. 1972); Fed.R. Evidence 801(d)(2)(D), Pub.L. No. 93–595 (Jan. 2, 1975) (eff. July 1, 1975). It is interesting to note that the Federal Rules of Evidence treat such an agent's admission as non-hearsay rather than as an exception to the rule excluding hearsay. Those rules, however, will not, on their effective date, apply to the District of Columbia courts. By citing Rule 801(d)(2)(D), *supra*, we do not thereby indicate an adoption of that definitional rule pursuant to our general power to adopt rules of evidence under Griffin v. United States, 336 U.S. 704, 69 S.Ct. 814, 93 L.Ed. 993 (1949). The *KLM* holding treated the statement attributed to the agent as hearsay and admitted it as an exception, 110 U.S.App.D.C. at 290–91, 292 F.2d at 783–84. We follow that holding.

■ At trial, counsel for the District of Columbia conceded and the school principal, Miss Teague, later confirmed, that it was Miss Teague's policy to encourage teachers to report broken playground equipment to her so that the equipment could be repaired. Hence, the "matter" which the statement concerned (reporting defects in playground equipment to the principal) was certainly within the scope of employment of Mrs. Daniels, and the statement is admissible.

■ Appellant argues in the alternative that, assuming the hearsay statement of Mrs. Daniels regarding *"a piece of tin"* (emphasis supplied) was properly admitted, there was still no evidence indicating that the District of Columbia had actual notice of the separation between the sliding board's side rail and bed, which appellees concede to be the cause of the injury. This argument fails, however. Mrs. Daniels' statement to Mrs. Lyons that "there was a piece of tin" was equally capable of being construed as referring to either the piece of tin sticking out at the bottom or the piece of sharp metal exposed by the separation of the side. Since a fact finder could construe Mrs. Daniels' statement as referring to the latter, appellees carried their burden of making a prima facie case as to the specific cause of the accident. Seganish v. District of Columbia Safeway Stores, Inc., 132 U.S.App.D.C. 117, 120, 406 F.2d 653, 656 (1968). From the evidence respecting the nature of the separation, as set forth above, there was sufficient basis for a reasonable juror to conclude that the separation in the sliding board existed prior to the injury of infant appellee and that it did not come about through a sudden tear or jerk at the time of the accident or immediately before.

Affirmed.

---

1. District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L.No. 91–358, 84 Stat. 473 (July 29, 1970). *See*

M.A.P. v. Ryan, D.C.App., 285 A.2d 310 (1971).