**Elaine MILLER et al., Appellants,**

**v.**

**DISTRICT OF COLUMBIA, a Municipal Corporation, Appellee.**

**No. 8739.**

District of Columbia Court of Appeals.

Argued May 13, 1975.

Decided Aug. 26, 1975.

Irwin G. Meiselman for appellants.

James N. Dulcan, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and KERN, Associate Judges.

PER CURIAM:

Appellant Elaine Miller, a minor suing the District of Columbia through her mother, appellant Odessa Jones,[1] was injured at a public playgound when a swing on which she was playing broke and she fell to the ground.[2] At the close of appellant's evidence at trial, the court directed a verdict for the government on the ground that appellant had failed to present evi-

---

1. Appellant Jones also sued the District in her own right to recover medical and associated expenses resulting from her daughter's injury. Throughout this opinion we refer to the appellant in the singular.

2. The specific negligence alleged against the District is failing and neglecting to maintain the playground and its equipment in a safe and proper condition, negligently and carelessly permitting the swing to become and remain in an unsafe condition for a long period of time, failing to properly inspect the swing, and failing to correct a defective condition of the swing which the District knew or should have known existed.

dence that the District had either actual or constructive notice of the defective condition which allegedly caused her injury. We reverse and remand for a new trial.

Before trial, counsel had deposed one Richard Hansberry, Director of Sherwood Recreation Center at the time of the accident, but a roving leader for the Recreation Department when deposed. Hansberry testified at the deposition that the playground apparatus was checked each day, by himself or a custodian whose duty it was to report any defects to him. He also testified that the chain on the swing in question was broken, although he was unsure of the exact location of the break, and that it had been broken for a matter of days or weeks. Normally, Hansberry said, a broken swing would be "wrapped up", but this particular swing could have been used by unwinding the chain and hooking up the defective link. Additionally, he identified a work order for the repair of a playground swing which he had submitted to his superiors several months earlier. Hansberry acknowledged that it was his responsibility, along with that of the custodian, to inspect the playground equipment and see that it was safe.

Hansberry was called as a witness for appellant at trial and began his testimony in much the same vein. He eventually deviated from his deposition testimony to such an extent, however, that appellant's counsel claimed surprise and requested permission to cross-examine. The court denied the request, allowing counsel to use the deposition only to refresh the recollection of the witness. Later, under questioning by the court, Hansberry disclaimed any personal knowledge of the allegedly defective condition of the swing and said that his testimony reflected only what he had been told by the playground custodian. The court immediately held Hansberry's testimony relating to notice of a defective condition to be inadmissible hearsay and ultimately directed a verdict for the District, citing *Hackett v. District of Colum-*

*bia,* D.C.App., 264 A.2d 298 (1970), on the ground that appellant had failed to present any evidence of notice.

■ The District of Columbia may be sued for injuries resulting from defective playground equipment, *Elgin v. District of Columbia,* 119 U.S.App.D.C. 116, 337 F.2d 152 (1964), but as in all negligence actions against the District, proof of actual or constructive notice of the defect which caused the injury is a necessary predicate to its liability. Absent such proof, a directed verdict is proper. *E. g., Hackett v. District of Columbia, supra; Jones v. District of Columbia,* D.C.Mun.App., 123 A.2d 364 (1956). Generally, the question of notice to the District is one of fact for the jury, but when any evidence from which the jurors could infer notice is lacking the court disposes of the case as a matter of law. *Jones v. District of Columbia, supra.*

■ In a recent case of a playground injury for which damages were sought from the District, this court held that the admission of a post-injury hearsay statement of a District employee was proper as evidence of actual notice. *District of Columbia v. Washington,* D.C.App., 332 A.2d 347 (1975). The statement was by a teacher to an injured child's mother that she had told the school principal that a playground slide was broken, and it was admitted as a vicarious admission of a District of Columbia employee " 'relating to an event which falls within the scope of the agent's employment.' . . . " *Id.* at 349. Here, the Director of the Recreation Center who supervised the playground made two direct admissions under oath: first, that "to his knowledge" the swing was broken; then later, that he knew the swing was broken because he was told so by his custodian. Moreover, it is clear that hearsay reports of a preexisting defective condition are admissible as probative of actual notice to the District of Columbia. *E. g., Hackett v. District of Columbia, supra* (report of prior accident).

Additionally, given evidence of the probable existence of a defective condition,[3] the jury was free to infer constructive notice from the very nature of Hansberry's duties, including his specific responsibility to inspect the playground and check the equipment for possible defects or to keep himself informed thereof through an employee.

We hold the trial court erred in ruling Hansberry's testimony inadmissible, in restricting the examination of Hansberry at trial when he deviated materially from his deposition testimony, and in then granting a directed verdict on the ground that there was no evidence from which the jury could infer notice.

*Reversed and remanded for a new trial.*

---

3. The District's argument that the record is so deficient as to preclude a decision on the merits of this case does not deserve comment.