**Mary Alice PRATT, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 13460.**

District of Columbia Court of Appeals.

Argued April 11, 1979.

Decided Oct. 10, 1979.

Rehearing En Banc Denied
Jan. 9, 1980.

---

[redacted]

Henry Lincoln Johnson, Washington, D.C., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom Louis P. Robbins, Acting Corp. Counsel, Washington, D.C., at the time the brief was filed, and Richard W. Barton, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a grant of judgment notwithstanding the verdict (n. o. v.) and a new trial in the alternative to defendant District of Columbia (District). The jury awarded $25,000 damages to plaintiff (appellant) for personal injuries. The injuries were alleged to be due to the District's negligence in maintaining premises it rented to appellant. The trial court set aside the verdict on the grounds that certain out-of-court statements of a housing inspector admitted at trial against the District were inadmissible hearsay, and that without this evidence appellant's case failed to show notice or negligence. On appeal, appellant seeks reinstatement of the jury verdict. She contends the statements were admissible as hearsay exceptions and, even if they were not, that her case enabled the jury verdict without such statements. In the alternative she seeks remand for a new trial on the ground that judgment n. o. v. cannot be granted on a "diminished" record—that is, after incompetent evidence is excluded. We agree that judgment n. o. v. was improperly granted and reverse judgment n. o. v. in favor of the District. However, since we conclude the inspector's statements were inadmissible on the issue of negligence, we affirm the trial court's grant of a new trial.

I.

The testimony was that appellant fell down the front steps of her residence and was injured when the doorknob to the front door broke off in her hand as she stood at the top of the staircase and attempted to pull the door shut from the outside. There was no railing on either side of the steps. Appellant rented her residence from the District of Columbia Redevelopment Land

**614**

Agency (RLA), an agency of the District. RLA purchases substandard housing for temporary leasing to tenants until the housing can be restored or replaced. Although the District of Columbia housing regulations do not apply directly to RLA-owned residences, the regulations are held to be relevant in determining the precise content of the standard of care with which RLA must comply, with practical adjustments made in view of RLA's purpose and function. The general standard applicable to RLA's housing is that it must be "decent, safe, and sanitary." [1]

The only evidence admitted which the jury was allowed to consider on the negligence issue was certain out-of-court statements by an unidentified housing inspector made before the accident. These statements came into evidence over the District's objection through the testimony of appellant and a granddaughter who lived next door. Appellant testified that at some time prior to the accident a man representing himself to be a District of Columbia housing inspector came to inspect her house, and that he told her she "need[ed] banisters . . . going up the steps." He also allegedly stated he "was going to put a claim in to the people . . . from RLA [to the effect that] there should be banisters there on account it was dangerous 'cause it was coming down to the street . . ., 'cause my house is right where the cars come past." She testified she "never heard from him any more." Similarly, appellant's granddaughter testified that some time prior to the accident she spoke to a "housing inspector" who came to inspect her house and front porch. The inspector allegedly stated that both her and appel-

lant's "front steps needed a railing." She testified she knew the man was an inspector because he showed her "papers" and had "been to . . . [her] house several times." [2]

On this evidence the jury found for appellant, awarding her $25,000 in damages. The trial court then ruled the housing inspector's statements were hearsay, not admissible as vicarious admissions under the standards of reliability in *Koninklijke Luchtvaart Maatschappij N. V. KLM Royal Dutch Airlines Holland v. Tuller*, 110 U.S. App.D.C. 282, 292 F.2d 775, cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961) (hereinafter *KLM*). It ruled further that absent such statements the record contained no proof of notice or standard of care. As indicated, it therefore granted the District's motion for judgment n. o. v. and a new trial in the alternative.[3]

Appellant urges first that the housing inspector's statements were admissible under *District of Columbia v. Washington*, D.C.App., 332 A.2d 347 (1975), as declarations of an employee concerning matter within the scope of his employment, as well as under Fed.R.Evid. 803(1) as a present sense impression. Second, even if the statements were not admissible, she contends "it would be contrary to the dictates of common sense to conclude that [the District] bought the property 'sight unseen,' leased it to appellant without the foggiest notion of its infirmities, even repaired it, but remained totally unaware that there was no railing on the steps." Third, she seems to contend the jury could have found that the District "should have at least placed a hand rail on the stoop and down the steps" based

1. *Jones v. District of Columbia Redevelopment Land Agency*, 162 U.S.App.D.C. 366, 373 & n.22, 499 F.2d 502, 509 & n.22 (1974), cert. denied, 423 U.S. 937, 96 S.Ct. 299, 46 L.Ed.2d 271 (1975).

2. Appellant's remaining witnesses simply corroborated appellant's version of the accident. The District did not dispute that it had written notice of the lack of a railing within six months of appellant's accident.

3. The trial court properly ruled on the alternative motion for a new trial after granting the

motion for directed verdict. As Super.Ct. Civ.R. 50(c)(1) provides:
If the motion for judgment notwithstanding the verdict . . . is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed . . . .
*See Reading v. Faucon*, D.C.Mun.App., 134 A.2d 376, 379 (1957); *Cox v. Pennsylvania R. Co.*, D.C.Mun.App., 120 A.2d 214, 217 (1956).

solely on the testimony that the front steps had no banister. Her final contention is that "after trial has resulted in a verdict for the plaintiff, the trial [court] cannot enter a [judgment n. o. v.] in favor of the defendant on a diminished record achieved after elimination of evidence deemed incompetent in post trial testing. Granting a new trial is the only alternative."

The District does not dispute that "judgment n. o. v. cannot be entered . . . on 'a diminished record after the elimination of incompetent evidence,'" citing *Townsend v. United States Rubber Co.*, 74 N.M. 206, 210, 392 P.2d 404, 406–07 (1964). Its basic position, however, is that the trial court granted judgment n. o. v. on the entire record. Assuming this is what the trial court ruled, the District then urges such ruling is correct since no building or housing code provisions were admitted at trial to show breach of a standard of care. Finally, the District also argues that appellant has shown no abuse of discretion in the trial court's exclusion of "the hearsay statements [on the ground that they] were so lacking in indicia of reliability that their admission during trial was 'inappropriate.'"

## II.

◼ Our scope of review of the trial court's order is limited. If the grant of judgment n. o. v. is determined to be in error, then the alternative grant of a new trial must stand unless shown to be an abuse of discretion. "[T]he ruling of a trial judge on an alternative motion for a new trial is ordinarily not *reviewable*, so that where the judgment n. o. v. is reversed, as here, the case thereafter will be governed by the trial judge's award of the new trial. It is appropriate that his discretion be respected, for he is entitled to 'an opportunity after all his rulings have been made and all the evidence has been evaluated, to view the proceedings in a perspective peculiarly available to him alone.'" *Bennett v. District of Columbia Transit System, Inc.*, 111 U.S.App.D.C. 411, 412–13 & n.4, 298 F.2d 325, 326–27 & n.4 (1962), quoting *Cone v.*

*West Virginia Pulp & Paper Co.*, 330 U.S. 212, 216, 67 S.Ct. 752, 91 L.Ed. 849 (1947) (footnote omitted; emphasis in original).

◼ We conclude the grant of judgment n. o. v. to the District was in error. The accepted rule is:

[I]n considering a motion for judgment notwithstanding the verdict, the evidence must be taken [by the trial court] as it existed at the close of trial, and evidence admitted over objection cannot be excluded nor can evidence be included which was improperly rejected. Whether competent or incompetent, all evidence submitted to the jury must be considered by the court in ruling on a motion for judgment notwithstanding the verdict, and such a judgment cannot be entered on a diminished record after the elimination of incompetent evidence. [*Townsend v. United States Rubber Co., supra* 74 N.M. at 209, 392 P.2d at 406.]

*See Kenny v. Metropolitan Life Ins. Co.*, 82 Ohio App. 51, 80 N.E.2d 677, 680 (1948); *Grand Distributing Co. v. Adams*, 206 Okl. 451, 244 P.2d 571, 575 (1952); *Githens, Rexsamer & Co. v. Wildstein*, 428 Pa. 201, 236 A.2d 792, 796 (1968).[4] Where evidence admitted is incompetent, "[t]he proper remedy for disposing of [such] evidence . . . is a new trial where motion therefor has been made." *Townsend v. United States Rubber Co., supra*, 74 N.M. at 210, 392 P.2d at 406. We concur in this rule. When evidence is excluded during trial for lack of a proper foundation or because it is incompetent, the party presenting it still has the opportunity to lay a proper foundation or to submit competent substitute evidence. This opportunity is lost after the verdict is reached.

◼ It is clear from the trial court's written order that the court granted judgment n. o. v. after eliminating the housing inspector's statements from the record. After discussing why the statements were inadmissible hearsay, the court stated:

*Absent the statement of the housing inspector*, the record contains no proof

**4.** 49 C.J.S. *Judgments* § 60(4), at 171 (1947).

that the defendant was on notice of the allegedly dangerous condition. Furthermore, the record is devoid of any proof whatsoever that defendant violated any applicable standard of care.

\* \* \* \* \* \*

Inasmuch as plaintiff was unable to offer any *other evidence* of notice or negligence *than that discussed above* [*i. e.*, the housing inspectors' statements], it appears appropriate to grant defendant's motion for judgment notwithstanding the verdict. [Emphasis supplied.]

Since this was an improper remedy, it must be reversed. *Townsend v. United States Rubber Co., supra.*

We find no abuse of discretion in the trial court's alternative grant of a new trial, however. The inspector's statements were inadmissible to prove negligence under both theories offered by appellant. Admission of incompetent evidence over objection is sufficient ground for a new trial. 6A Moore's Federal Practice ¶ 59.08[2], at 59–104 (1979). This was the ground on which the trial court granted the District's motion.

Although, as appellant correctly notes, this jurisdiction recognizes a hearsay exception for admissions by an agent or employee of a party-opponent where "the declaration concerned matter within the scope of the declarant's employment," *District of Columbia v. Washington, supra* at 349–50, *citing KLM, supra,* appellant failed to carry her burden of establishing the fact and scope of the alleged inspector's employment when the statements were made. The general rule is stated:

[T]he party who introduces the statement of an agent for the purpose of thereby binding the principal with an admission must first bear the burden of showing that an agency existed and that the statement was made while the agent was acting within the scope of his authority. [*Keene v. Arlan's Department, Store of Baltimore, Inc.,* 35 Md.App. 250, 370 A.2d 124, 129, n.2 (1977), *citing Greenstein v. Meister,* 279 Md. 275, 368 A.2d 451 (1977).]

Moreover:

The fact of agency cannot be established by declarations of the agent, no matter how publicly made, nor by declarations accompanied by acts purporting to be performed in behalf of the principal, unless they are brought to the latter's knowledge. [2 Jones on Evidence § 10.15, at 292–93 (1972).]

Appellant neither identified the inspector nor supplied the District with sufficient information for the District to identify him. *Compare Dudding v. Thorpe,* 47 F.R.D. 565, 571 (W.D.Pa.1969). There was no evidence of the fact or scope of employment other than the testimony concerning the inspector's own words and acts, which, as noted, is insufficient.[5]

Neither *KLM* nor *Washington* is to the contrary. In *KLM* an out-of-court statement of an airline radio operator was admitted as a vicarious admission against the airline (KLM). The declarant was identified and his employment with KLM at the time the statement was made was not contested. Similarly, in *Washington,* in which an out-of-court statement of a school teacher was admitted against her employer, the District of Columbia, the teacher was identified and her employment with the District was not disputed.[6]

*Reversed in part, affirmed in part, and remanded for a new trial.*

---

**5.** The trial court excluded the statements on the ground that they lacked sufficient indicia of reliability. This question is not reached where, as here, the party submitting the evidence has not met the threshold requirement of establishing with competent evidence that an employment relationship existed and that the statements concerned matter within the scope of the declarant's employment.

**6.** Appellant also contends the statements were admissible under the "present sense impression" exception of the Federal Rules of Evidence. We have not adopted these rules and, in any event, the statement in question does not appear to fall within the "present sense" rule, which provides a hearsay exception for statement[s] describing or explaining an event or condition made while the declarant was perceiving the event or immediately thereafter. [Fed.R.Evid. 803(1).]