Jose S. BARRERA, Appellant,

v.

Marvin Lee WILSON, Appellee.

No. 94–CV–502.

District of Columbia Court of Appeals.

Argued Dec. 5, 1995.

Decided Dec. 28, 1995.

Louis Fireison and Matthew H. Goodman, for appellant.

H. Patrick Donohue, for appellee.

Before FERREN and KING, Associate Judges, and PRYOR, Senior Judge.

FERREN, Associate Judge:

Jose Barrera, appellant, brought suit against Marvin Wilson, appellee, seeking damages for injuries Barrera sustained when Wilson's car allegedly struck him on his bicycle. A jury declined to award Barrera damages after concluding both that Wilson was negligent and that Barrera was contributorily negligent. Barrera contends on appeal that the trial court erroneously admitted in evidence (1) the hospital record of his treatment after the accident, and (2) a statement

contained in that hospital record describing the cause of his injuries. We reverse and remand for further proceedings.

## I.

On May 28, 1992, Barrera, while bicycling southbound through the intersection of 17th and D Streets, N.W., collided with a car operated by Wilson. Wilson, who had been travelling northbound on 17th Street, was attempting to turn left onto D Street when the accident occurred. The force of the impact threw Barrera onto the pavement causing injuries requiring medical attention. Barrera was transported to George Washington University Hospital by ambulance. Barrera later filed a complaint alleging that Wilson's negligence—including Wilson's alleged failure to pay full attention to road conditions, to yield right of way, and to drive in a manner to avoid Barrera—caused his injuries. Barrera sought $100,000 in damages.

Barrera testified at trial that Wilson, after failing to give way at the intersection, drove into Barrera's bicycle, knocking him to the ground and causing injury. Wilson defended by contending that Barrera negligently struck his stationary car. At the conclusion of the plaintiff's case, Wilson sought admission of George Washington University Hospital's medical records documenting Barrera's treatment after the accident. In a portion of the record entitled "HPI/Nursing Assessment," which contained notes on Barrera's physical condition, there was a hand-written statement: "P[atien]t was not wearing a helmet and accidentally ran into a stationary car." Although Barrera had made pretrial objections to introduction of these records, a bench conference at trial was the first, and only, time that any objection was addressed.

The defense sought to admit Barrera's medical records, including the statement they contained, under the hearsay exceptions, respectively, (1) for business records and (2) for statements made for the purposes of medical diagnosis and treatment. The principal issue discussed during the bench conference was the admissibility of the statement. Plaintiff's counsel objected, in particular, on the ground that no evidence had been presented pointing to Barrera as the declarant of the statement. The trial court concluded, however, both that the statement provided "the kind of detail that could only have come from the individual [Barrera]," and that it would have aided doctors in their treatment of Barrera. The unredacted medical records were therefore admitted in evidence.

## II.

### A.

Barrera contends, first, that the trial court erred in admitting in evidence Barrera's medical records because a proper foundation had not been laid. "It is a basic precept of appellate procedure that issues not raised in the trial court will not ordinarily be considered by an appellate court." *President & Directors of Georgetown College v. Diavatis,* 470 A.2d 1248, 1251 (D.C.1983). Because Barrera raises this objection for the first time on appeal, we will not address its merits. *See Edward M. Crough v. Department of Gen. Serv. of District of Columbia,* 572 A.2d 457, 466 (D.C.1990); *Townsend v. United States,* 512 A.2d 994, 1001 (D.C.1986), *cert. denied,* 481 U.S. 1052, 107 S.Ct. 2188, 95 L.Ed.2d 843 (1987).

During the bench conference held to discuss the admissibility of Barrera's medical records, Barrera failed to object on the ground of insufficient foundation.[1] At that conference, the trial judge identified two separate objections available to counsel: (1) an objection to the medical records as business records, and (2) an objection to the sentence within those records—"P[atien]t was not wearing a helmet and accidentally ran into a stationary car"—which the defense proffered as a statement for purposes of diagnosis and treatment. Plaintiff's counsel declined to object to the medical records as such, in contrast with the statement they contained, de-

---

1. In the Joint Pretrial Statement, Barrera had lodged a broad objection to all defense exhibits on the ground of "hearsay, relevance, failure to identify during discovery, and authenticity." At trial, where the objections were addressed for the first time, Barrera's objections were narrowed to the single objection to the statement contained in the medical records.

spite the fact that the trial judge offered counsel two clear opportunities to do so. When the judge asked counsel if he challenged whether the medical records qualified as business records, counsel said no. Barrera cannot now raise this objection on appeal. *See D.C. Transit System, Inc. v. Milton,* 250 A.2d 549, 551 (D.C.1969).

### B.

■ Barrera also contends the trial court erred in admitting in evidence an unredacted version of the medical record that contained the statement: "P[atien]t was not wearing a helmet and accidentally ran into a stationary car." The trial judge overruled Barrera's objection and admitted the statement under the hearsay exception for statements made for the purpose of medical diagnosis and treatment. *See Galindo v. United States,* 630 A.2d 202, 210 (D.C.1993); *Sullivan v. United States,* 404 A.2d 153, 158 (D.C.1979). Because there was no evidence linking the statement to Barrera, the trial court erred in admitting the statement in evidence.

■ We have held that the medical diagnosis and treatment exception applies to statements in a hospital record reciting the injured party's explanation of the cause of the injury. *See Galindo,* 630 A.2d at 210. In addition to requiring that the statement be pertinent to a patient's diagnosis and treatment, we require that the declarant be the patient, or someone in a special relationship with the patient such as a parent. *See id.* The rationale for this restriction is straightforward: such statements enjoy a "special assurance of reliability—the patient's [and parent's] belief that accuracy is essential to effective treatment." *Sullivan,* 404 A.2d at 158 (quoting McCormick, Evidence § 292 (2d ed. E. Cleary 1972)).

Here, defense counsel offered the medical records in evidence without any accompanying testimony to show that Barrera was the source of the statement that the patient "was not wearing a helmet and accidentally ran into a stationary car." Plaintiff's counsel properly pointed out that there may have been other declarants besides Barrera—particularly witnesses at the scene or even the defendant—who provided a description of the accident to ambulance personnel. Ambulance personnel then may have conveyed what they heard to hospital staff, who recorded it in Barrera's medical records.[2] The trial judge, nonetheless, assumed that Barrera supplied the statement and then admitted it in evidence. This was error.

In the absence of any proof to the contrary, there were three equally plausible declarants: Barrera, a bystander, and Wilson. Neither a bystander nor Wilson, however, would have had the "same incentive to be truthful," *Galindo,* 630 A.2d at 210, as Barrera himself in relating the details of the accident to hospital personnel because neither was the patient or was in a "special relationship" with Barrera. In two of the three possible instances, therefore, the statement would not have qualified under the hearsay exception under which it was eventually admitted. If, moreover, Barrera, Wilson, or a bystander had given the statement to ambulance personnel who, in turn, relayed it to hospital personnel, a further hearsay exception would have been required to admit the statement because it would have been double hearsay. Where two of the three possible sources of the statement would have precluded its admission in evidence under the hearsay exception for statements made for the purposes of medical diagnosis or treatment, we must conclude the trial court erred in admitting the statement; as a matter of law, the court had an insufficient basis on this record for inferring that Barrera made the statement.[3]

---

2. Plaintiff's counsel also noted that Barrera was an unlikely source of the statement because he was not a fluent English speaker and had testified that he related only his name and degree of pain to hospital staff. That the trial court may have found Barrera not credible does not affect the requirement that the hearsay statement have a proper foundation.

3. We also note that if Barrera was the declarant and had made the statement directly to the hospital staff member who recorded it, the statement would have been admissible on an alternative basis as an admission made by a party opponent. It remains unclear in our jurisdiction whether the statement should be characterized as an admission and thus admissible as non-hearsay, *see, e.g., Butler v. United States,* 481 A.2d 431, 439

## C.

Nor can we conclude that the error was harmless. An error is harmless only if we can say, "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Franklin v. United States*, 555 A.2d 1010, 1013 (D.C.1989) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946)). The decisive factors in reviewing the prejudice caused by the error are "the closeness of the case, the centrality of the issue affected by the error, and the steps taken to mitigate the error." *Gaither v. United States*, 134 U.S.App.D.C. 154, 172, 413 F.2d 1061, 1079 (1969). Applying these factors, we cannot say with confidence that the judgment was not "substantially swayed" by the admission of the statement.

The critical issue at trial was attributing fault for the collision. This determination depended in large part upon whether the jury believed Barrera's testimony that Wilson had struck Barrera, or Wilson's testimony that Barrera had struck Wilson. No other eyewitnesses testified at trial, and neither side was able to muster any conclusive evidence on this issue. In the context of what was essentially two equally weighted presentations of evidence on the issue of fault, we cannot say that admission of the statement did not affect the jury's finding that Barrera was contributorily negligent, especially because the statement was easily interpretable as an admission of liability by Barrera. The statement was the only evidence, moreover, that Barrera was not wearing a helmet, which may have contributed to the jury's finding Barrera contributorily negligent. Finally, the statement may have undermined Barrera's credibility insofar as the statement contradicted Barrera's testimony at trial. The error was not harmless.

The judgment of the trial court is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*

(D.C.1984) (coconspirator admissions) *cert. denied*, 470 U.S. 1029, 105 S.Ct. 1398, 84 L.Ed.2d 786 (1985), or the statement would have been admissible under an exception to the hearsay rule, *see, e.g., Pratt v. District of Columbia*, 407 A.2d 612, 616 (D.C.1979) (agency admissions). *See generally Chaabi v. United States*, 544 A.2d 1247, 1248 n. 1 (D.C.1988) (stating "we have traditionally considered admissions to be exceptions to the hearsay rule"). However, an admission made only to ambulance personnel, who reported it to hospital personnel for placement in a hospital record, would still have to overcome at least one hearsay objection as to the ambulance personnel's statement. *See Naples v. United States*, 120 U.S.App.D.C. 123, 126, 344 F.2d 508, 511 (1964) (stating "each of the out-of-court statements must satisfy the requirements of some exception to the hearsay rule") (quoting McCormick, Evidence § 225, at 461 (1954)).